No. 5266.

R. L. BRANNON v. THE STATE.

1. PRACTICE—TRANSFER OF CAUSES FROM THE DISTRICT TO THE COUNTY COURT—SUBSTANTIAL compliance with the statute regulating the transfer of causes from the district to the county courts (Code Crim Proc , art. 435) is all that is required in such proceedings.
2. CARRYING A PISTOL.—Upon his trial for unlawfully carrying a pistol, the accused sought to exculpate himself under the exception to the statute, that the pistol was carried on his own premises. The proof was that the premises on which the pistol was carried was the joint inheritance of the wife of the accused and one M., but that it was occupied by M., and not by the accused or his wife. *Held* that the proof did not bring the premises within the exception.

APPEAL from the County Court of Milam. Tried below before the Hon. A. Y. Terral, County Judge.

The conviction in this case was for unlawfully carrying a pistol. The penalty assessed was a fine of twenty-five dollars. The opinion sufficiently discloses the case.

*A. G. Wilcox*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The transfer of this cause from the district to the county court is, to say the least of it, in substantial compliance with the statute, and that is all that is required. (Code Crim. Proc., art. 435; Gen. Laws 17th Legislature, Reg. Sess. 1881, p. 2; 7 Texas Ct. App., 83; 11 Id., 114; Id., 143.)

Appellant was convicted for unlawfully carrying a pistol. It is shown by the evidence that defendant had married a daughter of a man named Martin, who died leaving a tract of land of two hundred acres, which was jointly inherited by his four children, one of whom was appellant's wife, and these children had each a common undivided interest in the land. Appellant cultivated a portion of the land, and lived on a different tract of land from that upon which the old Martin homestead was

situated.   This old homestead was occupied by Dick Martin, a brother of defendant's wife.

The first witness for the State says defendant "had his pistol on the Martin farm, and near the old Martin homestead.   *   * Defendant came galloping up, jumped down off his horse, and got off over into the yard, and drew his pistol and shot twice at Mr. Harrell."   Appellant claimed that, inasmuch as the title of the land was held in common by his wife and the other heirs, he was on his own premises (Rev. Stat., art. 2851), and therefore had committed no violation of law under the exception named in Article 319 of the Penal Code, to that effect, and he requested a special instruction presenting that view of the case, which was qualified by the court.   We see no error in the qualification added by the court.   He was not on his own premises in contemplation of law.   (15 Texas Ct. App., 23.)

There is no reversible error in the record, and the judgment is affirmed.

*Affirmed.*